UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOCAL 513, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, et al., | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No.   4:19CV03227 JMB ) |
| EDWARDS-KAMADULSKI, L.L.C., | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER ON PLAINTIFFS'**
**MOTION FOR ENTRY OF PARTIAL DEFAULT JUDGMENT & ACCOUNTING**

This matter is before the Court on Plaintiffs' motion for default judgment against Edwards-Kamadulski, L.L.C. Plaintiffs filed the Complaint in this matter on December 10, 2019 under the Employee Retirement Security Act, 29 U.S.C. § 1132. The Complaint alleges Edwards-Kamadulski, L.L.C. has failed to fully pay several employee benefit funds their contributions due for work performed under the collective bargaining agreement between the Defendant and its employees' union. Plaintiffs are the Union and the Trustees, Sponsors and/or Fiduciaries of the various Funds.

Plaintiffs served Edwards-Kamadulski, L.L.C. with summons on December 16, 2019. [ECF No. 5]. After no responsive pleadings were filed the Clerk of Court entered Default against Edwards-Kamadulski, L.L.C. on January 22, 2020 [ECF No. 7]. Plaintiffs filed a motion for judgment on known amounts due and owning various funds along with a request to compel an accounting on amounts due and owning yet unknown by Plaintiffs. [ECF No. 8].

When the Clerk of Court has entered default against a defendant, the "allegations of the complaint except as to the amount of damages are taken as true." Mueller v. Jones, No. 2:08CV16 JCH, 2009 WL 500837, at *1 n.2 (E.D. Mo. Feb. 27, 2009) (quoting Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973)). Accordingly, in deciding the present motion for Default Judgment, the Court accepts as true the factual allegations contained in the Plaintiffs' Complaint together with those affidavits presented in the Plaintiffs' motion and memorandum in support as they relate to the Plaintiffs' damages and prayer for relief.

Based on those allegations and affidavits, Plaintiffs are entitled to the relief requested.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for partial default judgment is **GRANTED**. **JUDGMENT** is hereby entered against **Edwards-Kamadulski, L.L.C.** in the amount of $49,356.49 representing $39,725.04 in principal contributions, $7,945.01 in liquidated damages, and $1,686.44 in attorneys' fees and costs. It is **FURTHER ORDERED** that Plaintiffs' motion for an order compelling an accounting is **GRANTED**. **Edwards-Kamadulski, L.L.C.** shall submit all documents requested by Plaintiffs in its motion [ECF No. 8] which cover the period of September 2019 through the date of this Order to Plaintiffs' attorney within ten (10) days of this Memorandum and Order. Failure to comply with this Order may result in the imposition of sanctions.  Plaintiffs are granted leave in order to provide additional proof of attorney's fees and costs incurred in this matter.

Date April 29, 2020

                                               /s/ Jean C. Hamilton

                                               United States District Judge